LUCY F. SNEED'S HEIRS *v.* S. D. PAYNE'S ADMR.

**Forcible Entry and Detainer—Right of Revivor—Abatement.**

An action of forcible entry and detainer was instituted, and before trial, the defendant died, and the action was revived against the administrator. Later, the plaintiff having died, the heirs moved the court to prosecute the action, which was denied. Held, that the landlord would have the right of possession, which descended to his heirs, and they could prosecute the action in their name.

APPEAL FROM HENDERSON CIRCUIT COURT.

March 2, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This is a warrant for a forcible entry and detainer brought by Lucy T. Sneed against appellee's estate, who traversed the inquisition in the country, and before the same was tried, the traversor died, and the action was revived against appellee his administrator —and then the plaintiff in the warrant died, intestate, and thereupon her heirs moved the court below to permit them to prosecute the action in their name; but that court ruled that as the heirs were not in possession of the premises the action could not be revived in their name, and adjudged that it abated.

As was said by this court in *Jones v. Overton, 4 Bibb., 334.* It is plain from the provision of the act of assembly giving this remedy for the restitution of the possession of land, that a mere matter of abatement is not available defense. For there is not only no mode pointed out, by which advantage might be taken of it, but the proceedings required to be had before the justice of the peace, as well as the nature of the issue made up by the traverse of the inquisition, excludes all inquiry into matters which operate in abatement only.

The tenant, and her heirs are bound to surrender the possession to the landlord, and the law should afford them the means of doing so if they are wrongfully deprived of the possession, and the court below erred in refusing to permit the heirs of Lucy T. Sneed to prosecute the action in their name.

Wherefore, the judgment is *reversed,* and the cause is remanded, with directions to permit appellants to prosecute the action in their names, and for further proceedings in conformity herewith.

*Turner, for appellants.*